IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,107






EX PARTE SAM WADE CANNON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM MONTGOMERY COUNTY





 Per Curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of sexual assault with a child, and punishment was assessed at four years
imprisonment. Applicant appealed, and his conviction was affirmed. Cannon v. State,
No.09-03-081-CR (Tex. App. -- Beaumont, delivered February 4, 2005, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. The trial
court, based upon an affidavit from appellate counsel, recommended that relief be granted. 
The record reflects that counsel did not timely inform Applicant that his conviction had been
affirmed or that he could file a petition for discretionary review from his conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 03-01-00118-CR from the 410th Judicial District Court of Montgomery County. Applicant is ordered
returned to the point at which he can file a meaningful petition for discretionary review. For
purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if
the Court of Appeals' decision had been rendered on the day the mandate of this Court
issues. We hold that should Applicant desire to seek discretionary review, he must take
affirmative steps to see that his petition is filed in the Court of Appeals within thirty days of
the date the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: March 9, 2005.

DO NOT PUBLISH